**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RICARDO LLAMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-1029 |
| | § | |
| HARRIS COUNTY, TEXAS, and DEPUTY | § | |
| CHRISTOPHER MOOK, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATIONS TO GRANT THE
DEFENDANTS' MOTIONS TO DISMISS AND OVERRULING OBJECTIONS**

This court referred this case to Judge Bryan for report and recommendation, which Judge Bryan entered on November 22, 2019. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). Her memorandum recommended granting the motions to dismiss the claims under 42 U.S.C. § 1983 for excessive force and malicious prosecution or wrongful detention against Harris County, Texas, and Christopher Mook, a Harris County Deputy Sheriff. (Docket Entry No. 16). This court's review leads the court to adopt the recommendation to grant the defendants' motions to dismiss as this court's ruling.

The case arises from Deputy Mook's use of a firearm on March 26, 2017, while the plaintiff, Ricardo Llamas, was driving. As a result of the March 26, 2017, incident, Llamas was charged with felony aggravated assault of a public servant and convicted of misdemeanor deadly conduct.

The section 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The malicious prosecution and wrongful detention claims are also barred by *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003), and the claims against Harris County are barred by

*Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Finally, qualified immunity applies to the claims against Deputy Mook.

The court overrules the objections to the Memorandum and Recommendation. Even with de novo review, the court finds that the objections are primarily based on allegations relating to unrelated incidents involving the Harris County Sheriff's Office. These allegations do not present a basis to overcome the bars to the causes of action Llamas asserts.

The motions to dismiss, (Docket Entry Nos. 12, 13), are granted, with prejudice, because amendment would be futile. An order of dismissal with prejudice is separately entered.

SIGNED on January 23, 2020, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge